IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NORMA ROWELLO and NORMA ROWELLO as Administrator of the Estate of STEVEN J. ROWELLO,<br><br>              Plaintiff,<br><br>v.<br><br>HEALTHCARE BENEFITS, INC., UNUM LIFE INSURANCE COMPANY OF AMERICA a/k/a UNUM PROVIDENT and THE COOPER HEALTH SYSTEM a/k/a COOPER UNIVERSITY HOSPITAL a/k/a COOPER HEALTHCARE, INC.,<br><br>              Defendants. | Civil No. 12-4326 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter arises out of Unum Life Insurance Company's ("Unum") denial of a claim for $130,000 in Group Life Insurance benefits made by Norma Rowello ("Plaintiff"), the beneficiary of policy underwritten by Unum. Before the Court is a motion to dismiss Counts II and III of the Second Amended Complaint filed by Defendant Cooper Health System ("Cooper") pursuant to Federal Rule of Civil Procedure 12(b)(6). Cooper argues that dismissal is appropriate because the Employee Retirement Income Security Act of 1974 ("ERISA") preempts Plaintiff's state law claims that are asserted in Counts II and III. For the following reasons, Defendant's motion will be **GRANTED**.

**I.      BACKGROUND**

1

Steven J. Rowello, Plaintiff's late husband, was employed by the Cooper University Hospital in Camden, New Jersey at the time of his death on December 22, 2011. Second Am. Compl, ¶ 9-10. Mr. Rowello participated in group life insurance through his employment with Cooper. Id. at ¶ 11. In November 2005, he sought to increase his supplemental life insurance coverage amount from $80,000 to $210,000. Id. The life insurance in effect prior to November 2005 is not in dispute, and evidently Unum has disbursed $147,000 to Plaintiff, representing Mr. Rowello's uncontested life insurance benefits that were in effect prior to November 2005. Id. at Ex. C.[1] To effectuate his increase in life insurance coverage, Mr. Rowello was required to fill out a "Statement of Insurability." Id. at ¶ 13, Ex. A. The form indicates that if the applicant answers "yes" to any question on the statement, an additional form, known as an "Evidence of Insurability" form (alternatively known as a form "1143-01"), must also be filled out. Mr. Rowello answered "yes" to one of the questions on the "Statement of Insurability" form, and alleges that he also completed the 1143-01 form. Id. at ¶ 15. Premiums reflecting the additional $130,000 of coverage were then deducted from each of Mr. Rowello's subsequent pay checks until his death in 2011, and he received annual statements from Cooper for the calendar years 2006 through 2012 appearing to indicate that he had a total of $210,000 in supplemental life coverage in effect. Id. at ¶ 16, Ex. B.

After Plaintiff filed a claim seeking payment of her husband's life insurance policy benefits, Unum denied the portion of the claim for the $130,000 in additional supplemental coverage, on the basis that Mr. Rowello had failed to fill out the required form 1143-01. Id. at ¶

---

[1] This amount evidently represented $67,000 in "basic life" benefits, and $80,000 in "supplemental life" insurance. Second Am. Compl. Ex. B. The coverage at issue in this litigation is the supplemental life benefit, which Mr. Rowello evidently sought to increase from $80,000 to $210,000 in November 2005. His annual benefits confirmation statements that Plaintiff has submitted as exhibits show supplemental life coverage in the amount of $210,000, starting in 2006. Id.

19. Plaintiff was allegedly told by someone in the human resources department at Cooper that the form was "just misplaced" and the matter would be rectified. Id. at ¶ 20. However, Unum stood by its denial and subsequently denied an appeal filed by Plaintiff. Id. at ¶ 23. After Plaintiff exhausted her internal appeals of the benefit determination by Unum, she filed suit in this Court pursuant to ERISA. In addition to her ERISA claim against Unum for denial of benefits, she also named Cooper as a defendant and, apparently as an alternative to a judgment against Unum, seeks to hold Cooper liable for the $130,000 on theories of negligence and breach of contract. She alleges that as Mr. Rowello's employer,[2] Cooper "had a duty to Mr. Rowello to ensure that his benefits were administered correctly," and alleges that Cooper breached that duty. Id. at ¶ 28-29. She also characterizes the opportunity to increase life insurance benefits as an offer by Cooper to enter into a contract, which Mr. Rowello accepted, and she alleges that Cooper failed to meet its contractual obligation by failing to properly modify his policy. Id. at ¶ 32-35. This motion seeks dismissal of the state-law counts against Cooper. The parties submitted their respective briefs and the motion is ripe for review.

## II.  STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief may be granted. With a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted). In other words, a complaint survives a motion to dismiss if it contains sufficient

---

[2] Mrs. Rowello is also employed by Cooper Health System, although this fact does not appear to be relevant to the issues presented in the instant motion. Second Am. Compl at ¶ 8.

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

## III. DISCUSSION

### A. Preemption Under ERISA

Defendant contends that Plaintiff's state law claims are expressly preempted by section 514(a), ERISA's express preemption provision, which provides that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a).[3]

ERISA governs the rights and obligations of participants and beneficiaries of employee benefit plans. "Congress enacted ERISA 'to protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for

---

[3] There is no dispute that the plan at issue in this dispute is actually an "employee benefit plan" as defined by ERISA. 29 U.S.C. § 1002(1). See Def. Br. at 3, Pl. Opp'n at 6.

4

employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal Courts.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). "To this end, ERISA includes expansive pre-emption provisions, . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Id. (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)).[4]

ERISA creates two forms of federal preemption in lawsuits involving employee benefits plans. First, § 502(a), ERISA's civil enforcement provision, completely preempts all state law claims based upon conduct that gives rise to a claim under ERISA and "converts [them] . . . into . . . federal claim[s] for purposes of the well-pleaded complaint rule." Davila, 542 U.S. at 209 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987)). Complete preemption under § 502(a) "is jurisdictional[,] and confers federal question jurisdiction over an action." Massachusetts Mut. Life Ins. Co. v. Marinari, No. 07-2473, 2009 WL 5171862, at *3 n.4 (D.N.J. Dec. 29, 2009). As a result, "[c]omplete preemption creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint." Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000). By contrast, substantive, or "express," preemption "displaces state law but does not . . . confer federal question jurisdiction." Id. In other words, express preemption "governs the law that will apply to state law claims, regardless of whether the case is

---

[4] In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987), the Supreme Court explained:

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. 'The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted . . . provide strong evidence that Congress did not intend to authorize remedies that it simply forgot to incorporate expressly.' (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985)) (emphasis in original).

5

brought in state or federal court." Id. Complete preemption is not at issue in this case.[5] The sole preemption issue that requires analysis is whether ERISA expressly preempts Plaintiff's state tort and contract law claims.

### B. Plaintiff's State Law Claims

Defendant Cooper asserts that Plaintiff's state law claims are expressly preempted because in order to succeed on its state law claims, Plaintiff must prove the existence of an ERISA plan, and demonstrate that Cooper failed to secure supplemental life insurance coverage pursuant to the plan. Def. Br. at 9.

Section 514(a) of ERISA provides: "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan . . . ." 29 U.S.C. § 1144(a). As a result, if a state law claim relates to an ERISA plan, "it is preempted even if it states an otherwise valid state law claim." 1975 Salaried Ret. Plan for Eligible Empls. of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992). The Supreme Court has construed the term "relate to" broadly, noting that "a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (quoting Metropolitan Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985)). Thus, "a state law may relate to a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plan[], or the effect is only indirect." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990) (internal quotations omitted). In addition to statutory causes of action, "even a common law cause of action is preempted by ERISA if it conflicts directly with an ERISA cause of action." Ragan v. Tri-County Excavating, Inc., 62

---

[5] Plaintiff cites the standard for complete preemption, quoting Ervast v. Flexible Prods Co., 346 F.3d 1007, 1012-13 (11th Cir. 2003), but the Court observes no hint that complete preemption actually applies to this case. Pl. Opp'n at 4-5.

6

F.3d 501, 512 (3d Cir. 1995) (citing Ingersoll-Rand, 498 U.S. at 142).  However, the party asserting preemption bears "the considerable burden of overcoming 'the starting presumption that Congress does not intend to supplant state law.'"  DeBuono v. NYSA-ILA Med. & Clinical Servs. Fund, 520 U.S. 806, 814 (1997) (internal citation omitted).

Courts within the Third Circuit have held that common law negligence claims may be preempted by § 514(a).  Cooper cites a case involving a suit by a plaintiff against his employer asserting both ERISA and state law claims.  Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989).  In Pane, the employee sued under ERISA, and also under a breach of contract theory and other common law theories, because his employer denied him a severance award.  Id. at 633.  The severance agreement plan was an ERISA employee benefit plan.  Id. at 635.  The Third Circuit found that all of the plaintiff's state law claims were properly dismissed by the district court because they were preempted by ERISA.  Id.  Pane evidently included these claims as alternatives to his ERISA cause of action.  For example, in one count, he contended that he was included in the ERISA plan, and in another count, he alleged breach of contract for not including him in the plan.  Id.  The Court rejected the plaintiff's contention that "state law and ERISA co-exist for purposes of enforcement of the plan."  Id.

This case is analogous to Pane.  As in that case, Plaintiff seeks damages under state law for not ensuring that her husband's increase in benefits was incorporated into the ERISA plan.  Like the plaintiff in Pane, Plaintiff here seeks to use state law as an alternative to ERISA for enforcing the policy terms.  In one count, Plaintiff alleges that she was entitled to the additional benefits under the plan, and in the other counts she seeks the same damages under state law if she is not entitled to the additional benefits under the plan.  Second Am. Compl. ¶ 24-35.

Cooper also cites Casella v. Hartford Life Insurance Co., 2009 WL 2488054 (D.N.J. Aug. 11, 2009), which the Court also finds to be similar to the factual background here. In Casella, the plaintiffs sued a decedent's former employer for breach of contract and negligence in connection with an ERISA life insurance plan. Id. at *1. The decedent had attempted to change the beneficiary of her life insurance policy after she was divorced by submitting a form to her employer. Id. Decedent had not signed the form, and the beneficiary designation went unchanged, although the decedent evidently was under the impression that the change had been completed. Id. Plaintiffs alleged that the employer was negligent by failing to notify its employee that the beneficiary change form was invalid. Id. The court held that a state law claim "relates to" an ERISA plan when "it looks to or affects the terms of that plan." Id. at *3 (citing Shulman v. Hosposable Prods., 1991 WL 160340 (D.N.J. Aug. 12, 1991). Because the claim related to a change of beneficiary, which would have affected the terms of the plan, and because it depended on the existence of the ERISA plan, the claims were held to be "related to" the ERISA plan, and thus preempted. Id. at *3-4.

The facts in Casella are very similar to those at issue here. In that case, the decedent intended to change the beneficiary of the policy, and then the plaintiffs sought to hold the employer negligent after her death for not ensuring that the change was processed. Here, the decedent intended to change the amount of his supplemental insurance, which, like a change in beneficiary, "affects the terms of" the plan. Id. at *3. Plaintiff similarly seeks to hold Cooper liable under state law for not ensuring that the change was properly processed.

Plaintiff admits that ERISA governs Cooper's Group Life Insurance plan. Second Am. Compl. at ¶ 1. However, she argues that "a plan was not in place as a result of the negligent acts

8

and contract breaches." Pl. Opp'n at 5.[6] She characterizes her state law claims as being in the alternative to her ERISA claim, arguing that the "claim arise[s] against Cooper Health System if there is no such [ERISA] plan." Pl. Opp'n at 6. Plaintiff fails to realize that regardless of whether her husband's coverage increase was effective, a plan was in place—she even collected $147,000 in benefits under Cooper's ERISA plan. It is only the additional coverage that Mr. Rowello sought to purchase that Unum alleges is not in place. Regardless of whether Plaintiff is entitled to the $130,000 in additional insurance, the plan exists. As the Third Circuit observed in Pane, an allegation of breach of contract due to not placing an employee in a particular ERISA plan does not mean that there is no such plan. Pane, 868 F.2d at 635. This case is a clearer one than Pane as to whether an ERISA plan was actually in place. In Pane, the plaintiff alleged that his employer wrongfully excluded him entirely from an ERISA plan. Id. at 634. Here, Plaintiff has already collected the undisputed amount of benefits and only disputes the level of benefits she is entitled to under the plan.

Plaintiff does not cite any law from within this Circuit, nor does she attempt to distinguish any of the cases cited by Cooper, including Pane, which appears to closely resemble the dispute in this matter. Plaintiff cites Northern Kare Facilities/Kingdom Kare LLC v. Benefirst, LLC, 344 F. Supp. 2d 283 (D.Mass 2004), as an example of a case where ERISA did not preempt state law claims, including a claim for breach of contract. However, Northern Kare actually appears to support preemption in the instant matter. In Northern Kare, the plaintiff sued to enforce the terms of a "stop-loss" insurance policy that acted as a sort of excess coverage policy that protected Northern Kare in the event that it had to pay out an excessive amount of benefits under its self-funded ERISA plan. Id. at 286. The court held that the stop-loss policy

---

[6] Because Plaintiff did not include page numbers on her brief in opposition to the motion to dismiss, for the purposes of citation in this opinion, the Court has designated the cover page of the brief as page 1, with all following pages numbered in sequential order.

9

was not an ERISA plan itself, and did not "relate to" an employee benefit plan. Id. at 287-88. Citing controlling First Circuit law, the court held that the state cause of action would have been preempted had it functioned "as an 'alternative enforcement mechanism' creating 'a remedy for the violation of a right expressly guaranteed and exclusively enforced by the ERISA statute.'" Id. at 288 (quoting Carpenters Local Union No. 26 v. United States Fid. & Guar. Co., 215 F.3d 136, 141 (1st Cir. 2000)). Here, Plaintiff seeks to use the state law claims as exactly that—an "alternative enforcement mechanism" to the ERISA claim against Unum. Pl. Opp'n at 6. Therefore, it appears that the Northern Kare case is less than helpful to Plaintiff's argument.

The second case cited by Plaintiff found that express preemption did not apply to state law fraud and negligence claims where an insurance agent provided false and misleading information to the plaintiff. Barnet v. Wainman, 830 F. Supp. 610 (S.D. Fla. 1993). While that case is closer to Plaintiff's than Northern Kare, the Court finds that the Pane and Casella cases are more on point with the instant matter in that they involve state law claims against an employer, and more importantly, Pane is controlling law in this District.

Finally, Plaintiff observes that if her state law claims are preempted, she could be left "without the ability to formulate a claim against Cooper Health" in the event no insurance coverage is found to exist. Pl. Opp'n at 6. While the Court sympathizes with Plaintiff's position, the Court must adhere to the rule that "the availability of a federal remedy is not a prerequisite for federal preemption." Bernatowicz v. Colgate-Palmolive Co., 785 F. Supp. 488, 494 (D.N.J. 1992) (quoting Lister v. Stark, 890 F.2d 941, 946 (7th Cir. 1989)). In Bernatowicz, the court found that the plaintiff's negligent misrepresentation claim was preempted by ERISA when the plaintiff alleged that he was misled by his employer about his eligibility for ERISA plan benefits. Id.

Because Cooper has demonstrated that Plaintiff's state law claims "relate to" an ERISA plan, the state law claims are held to be preempted. Plaintiff is essentially seeking to pursue coterminous state law and ERISA claims as alternative enforcement mechanisms to enforce her rights under the ERISA-qualified plan. This strategy is prohibited by § 514(a) of ERISA.

## IV. CONCLUSION

For the foregoing reasons, Defendant Cooper's motion to dismiss Counts II and III of the Complaint will be **GRANTED**. An appropriate order shall issue.

Dated: 10/23/2013 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge